Gary L. Shockey
GARY L. SHOCKEY PC
Box 10773
Jackson, WY. 83002
(307) 733-5974 (office)
(307) 690-8060 (cell phone)
(866) 567-8950 (facsimile)
gary@garyshockeylaw.com
garyshockey@msn.com
Attorney for Plaintiffs

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2014 AUG 21 PM 4 35

STEPHAN HARRIS, CLERK
CASPER

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF WYOMING

HARMON A. "TONY" TALLEY, )
    Plaintiff, )
  )
  ) Civil No. 14CV170J
vs. )
  )
MOUNTAIN VIEW REGIONAL HOSPITAL, )
CASPER MEDICAL CENTER, LLC, )
and NATIONAL SURGICAL HEALTHCARE, )
    Defendants. )

### COMPLAINT

#### I. JURISDICTION AND VENUE

COMES NOW PLAINTIFF, through counsel, and for his causes of action against the Defendants, states and alleges as follows:

1. At all times relevant hereto, Plainitiff Harmon A. "Tony" Talley was and is a resident of Natrona County, Wyoming.

2. At all times relevant hereto, the Defendant Mountain View Regional Hospital was a health care facility located in Natrona County, Wyoming. Plaintiff believes Mountain View Regional Hospital was/is the business name of Casper Medical Center, LLC, a Wyoming limited partnership with its agent listed in Cheyenne, Wyoming. Plaintiff further believes that Mountain View Regional Hospital and Casper Medical Center, LLC, were and are part of a group of hospitals and health care facilities owned/operated/managed by National Surgical Healthcare. Plaintiff asserts that these entities, jointly and severally, are and were affiliated in such a fashion as to render them responsible for Plaintiff's injuries alleged in this Complaint.


Receipt # CAS1322
Summons: ___ issued
    X not issued

3. The subject matter of this Complaint as filed involves the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. A. Section 1395dd. The subject matter of a contemplated amendment of the Complaint arises out of the same facts and presents the same or similar issues which would be subject to the jurisdiction of this Court through supplemental jurisdiction.

4. As the subject matter and rights to be determined by this action arise under United States Statutes, Federal Jurisdiction pursuant to 28 U.S.C. Section 1331 confers jurisdiction and authority in this Court.

5. Venue is proper in this Court as all acts and omissions which are the subject of this Complaint arose in Natrona County, Wyoming.

## II. FACTS COMMON TO ALL CAUSES OF ACTION

6. On August 26, 2012, Plaintiff Harmon Talley began his day normally. In the course of his morning, Harmon Talley arose and went about his daily routine. As it was Sunday, Mr. Talley went to church services. After the services, he stopped by a store and purchased food, including a donut.

7. Mr. Talley returned to his home and ate his donut. After a while, he began feeling poorly. Suspecting a stomach upset or other minor problem, he rested for a while. As he began to feel worse, he called his friend Sally Reinhart and asked her for help.

8. Ms. Reinhart drove immediately to Mr. Talley's home on Coal Creek Road. When she arrived, Mr. Talley was in sufficient distress that a decision was made to go immediately to the emergency room.

9. Mountain View Regional Medical Hospital was the nearest health care facility, and Mr. Talley and Ms. Reinhart knew there was an Emergency Room at that facility.

10. They arrived at the emergency room at approximately 12:45 to 1:00 p.m. Mr. Talley entered the waiting area of the emergency room. By this time, Mr. Talley was in extreme distress, pain, and discomfort.

11. Ms. Reinhart immediately requested that Mr. Talley be seen by a physician at once, given Mr. Talley's condition. Mr. Talley recalls that shortly after he was inside the emergency room waiting area, his knees buckled and he fell to the ground.

12. In spite of Mr. Talley's dire condition, Mountain View Regional Hospital personnel informed Ms. Reinhart that there was no physician or other care provider available to see Mr. Talley and Mr. Talley would be required to wait.

13. Given Mr. Talley's condition, Ms. Reinhart asked Mountain View Regional Hospital personnel to get an ambulance for Mr. Tally to transport him to a facility where he could get care. That request was also denied.

14. During this period of time, a physician appeared in the waiting room and announced that patients would need to wait for care, for as much as two (2) hours.

15. During this time frame, Mr. Talley was in so much distress from pain and loss of bodily function that he was in and out of total awareness of events surrounding him.

16. Witness statements and other information generated in an EMTALA investigation of the circumstances surrounding Mr. Talley's experiences at Mountain View Regional Hospital confirm the above descriptions of events. A log of events notes arrival at the emergency room confirms Mr. Talley's presence, but hospital staff apparently assert that computer entries about Mr. Talley were apparently deleted. The emergency room physician confirms his knowledge of Mr. Talley's presence in the emergency room area. Witness accounts confirm that Mr. Talley was in serious distress and that no hospital personnel left their stations to offer assistance or care to Mr. Talley. No nurse of other personnel "triaged" Mr. Talley. Mountain View Regional Hospital personnel interviewed confirmed that Mr. Talley was on the floor and his "significant other" had reported he was experiencing chest pain. One witness recalled that Mr. Talley and/or Ms. Reinhart told Mountain View Regional Hospital staff that Mr. Talley was having a heart attack. One witness has stated that another witness told Mountain View Regional Hospital staff they could give Mr. Talley "Nitro" and oxygen. This witness was reportedly a retired nurse who reportedly told investigators it was obvious Mr. Talley in pain and having difficulty breathing.

17. Unable to get any medical assistance of any nature, and genuinely fearing for his health and life, Mr. Talley and Ms. Reinhart left Mountain View Regional Hospital and made a panic-driven trip to the Wyoming Medical Center.

18. At the Wyoming Medical Center emergency room, medical personnel immediately determined that Mr. Talley was in a critical condition. Mr. Talley was

quickly transferred to the cardiac catheterization department where he underwent procedures which saved his life. In the course of this treatment, and in layman's terms, Mr. Talley was informed that he had "died" multiple times and that revival and resuscitation efforts had saved him. Ultimately, a stenting procedure was employed to stabilize Mr. Talley for both the short and long term.

### III. PLAINTIFF'S FIRST CAUSE OF ACTION: EMERGENCY MEDICAL TREATMENT AND ACTIVE LABOR ACT VIOLATION

19. Plaintiff restates and realleges all facts in paragraphs 1 – 18 above, and for this cause of action states as follows:

a. The Emergency Medical Treatment and Active Labor Act, [EMTALA] 42 U.S.C. A. Section 1395dd, together with judicial decisions interpreting the law, provides, generally, that a health care facility such as Mountain View Regional Hospital which offers emergency room services must provide appropriate evaluation, assessment and treatment to patients such as Mr. Talley who present themselves for care.

b. Mr. Talley's circumstances and denial of care by Mountain View Regional Hospital were investigated thoroughly by the Department of Health and Human Services, CMS Division, and Wyoming Department of Health. Mountain View Regional Hospital was found to be in violation of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. A. Section 1395dd.

c. The Emergency Medical Treatment and Active Labor Act, 42 U.S.C. A. Section 1395dd, requires hospitals such as Mountain View Regional Hospital to employ standard screening procedures to determine whether an individual who presents at the emergency department has an emergency medical condition.

d. The Emergency Medical Treatment and Active Labor Act, 42 U.S.C. A. Section 1395dd, requires hospitals such as Mountain View Regional Hospital to stabilize an individual who presents at the emergency room.

e. The Emergency Medical Treatment and Active Labor Act, 42 U.S.C. A. Section 1395dd, provides that in the event of violation of its provisions, individuals may seek the same or similar civil remedies which are available under State medical malpractice rules in Federal Courts with Federal jurisdiction.

f. Mountain View Regional Hospital negligently, intentionally and willfully violated the provisions of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. A. Section 1395dd, by failing to properly employ standard screening provisions to determine Mr. Talley's condition in its failure to evaluate Mr. Talley's condition; its failure to have a physician or other competent medical person conduct an evaluation, its failure to provide emergency ambulance services to Mr. Talley, its failure to treat Mr. Talley even in light of his obvious distress, collapsed on the floor, and in its emergency room physician informing individuals who presented themselves for evaluation and treatment that waiting time could be as much as two (2) hours. Mountain View Regional Hospital failed to provide Mr. Talley with even the most minimal medication or other treatment for his condition.

g. Mountain View Regional Medical Hospital negligently, intentionally and willfully violated the provisions of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. A. Section 1395dd, and did nothing to stabilize Mr. Talley by failing and refusing to provide even a minimal assessment of his condition, failing to assist securing an ambulance, the personnel of which could have provided initial assessment and care, and failing to assist or treat Mr. Talley in any other manner.

h. As a direct cause and consequence of Mountain View Regional Hospital's violations of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. A. Section 1395dd, Mr. Talley was subjected to prolonged, excruciating physical pain and suffering, panic and fear for his condition, fear of loss of life, and mental anguish at his inability to secure medical treatment.

i. As a direct cause and consequence of Mountain View Regional Hospital's violations of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. A. Section 1395dd, Mr. Talley is entitled to claim and be awarded all damages which would be available to him under Wyoming State law concerning medical negligence, both actual compensatory damages and exemplary damages.

j. All acts and omissions of Mountain View Regional Hospital with respect to Mr. Harmon Talley fell below acceptable medical standards of care for the State of Wyoming and would entitle Mr. Talley to recover damages, both compensatory and exemplary, under concepts of medical professional negligence for the State of Wyoming.

20. As a direct cause and consequence of the negligent, willful and intentional violation of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. A. Section 1395dd, by Mountain View Regional Hospital, Harmon Talley has been damaged and is entitled to recover damages as set forth in later provisions of this Complaint.

### IV. PLAINTIFF'S SECOND CAUSE OF ACTION: MEDICAL NEGLIGENCE

21. Plaintiff intends to assert claims for medical professional negligence but defers from making such claims pending resolution of proceedings with the Wyoming Medical Review Panel; Plaintiff therefore reserves the right to amend this Complaint accordingly.

### V. DAMAGES

22. As a direct and proximate cause and consequence of the negligent, willful and intentional acts and omissions of Mountain View Regional Hospital and such violations of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. A. Section 1395dd, Plaintiff Harmon A. Talley has incurred the following, but not exclusive, damages which he is entitled to recover from Defendants, jointly and severally, in amounts as to be determined by the Court and Jury:

a. Physical pain and suffering, past and future.

b. Emotional injury and mental anguish.

c. Medical expenses.

d. Loss of income.

e. Loss of enjoyment of life, mental trauma, and anxiety.

f. Exemplary and punitive damages.

WHEREFORE, Plaintiff prays the Court enter Judgment as is justified by the evidence to be presented in this matter, and for such other relief as is just and proper.

DATED this 21st day of August, 2014.

_____
Harmon A. "Tony" Talley, by and through
Gary L. Shockey
Counsel for Harmon A. Talley
GARY L. SHOCKEY PC
Wyo. Bar No. 5-1538
Box 10773

Jackson, WY. 83002
(307) 733-5974 (office)
(307) 690-8060 (cell phone)
(866) 567-8950 (facsimile)
gary@garyshockeylaw.com
garyshockey@msn.com

## JURY DEMAND

Plaintiff demands his claims in this matter be tried by a jury and submits the requisite fee herewith.

_____
Gary L. Shockey